UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMED HUSAIN ZUBAIR, | |
| Plaintiff, | 20-CV-1308 (CM) |
| -against- | ORDER DIRECTING ORIGINAL SIGNATURE AND PAYMENT OF FEES OR AMENDED IFP APPLICATION |
| BANK OF AMERICA, et al., | |
| Defendants. | |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*. For the reasons discussed below, within thirty days of the date of this order, Plaintiff must resubmit the signature page of the complaint with an original signature, and either pay the $400.00 in filing fees that are required to file a civil action in this Court or submit an amended *in forma pauperis* (IFP) application.

**DISCUSSION**

**A.      Original Signature on Complaint**

Plaintiff submitted the complaint without a signature. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Plaintiff is directed to resubmit the signature page of his complaint with an original signature to the Court within thirty days of the date of this order. A copy of the signature page is attached to this order.

B.  **Filing Fees or Amended IFP Application**

To proceed with a civil action in this Court, a plaintiff must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit an IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff has filed an IFP application. But the information he provides does not suggest that he is unable to pay the filing fees. He alleges that he is employed and earns $65.00 per hour, and that he has $1,500.00 in a bank account. Plaintiff further states that he owns stocks, a car, and a house, but he does not provide the value of those assets. In addition, he asserts that he pays $575.00 per month in car-loan payments, and an unspecified amount per month in "house payments." (ECF No. 1, 2.) Plaintiff also claims that he financially supports his wife and six children, but he does not state the amount he contributes to their support.

The Court has further discovered that on December 18, 2012, Plaintiff was awarded in a prior action a total of $115,175.67 ($7,793 in unpaid overtime wages and liquidated damages, $105,575 in attorneys' fees, and $1,807.67 in costs). *See Zubair v. Entech Eng'g*, ECF 1:09-CV-7927, 44 (S.D.N.Y. Dec. 18, 2012), *aff'd*, 550 F. App'x 59 (2d Cir. 2014) (summary order) (remanded for a determination of appellate fees and costs), ECF 1:09-CV-7927, 68 (S.D.N.Y. Apr. 25, 2014) (judgment against the defendants in the amount of $45,000.00 for additional attorneys' fees and costs).

Based on the information Plaintiff provided in his IFP application, and in light of the amount awarded to him in *Zubair*, ECF 1:09-CV-7927, 44, the Court cannot say at this time that Plaintiff is unable to pay the filing fees. Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees to commence this action or submit the attached amended IFP application in which he fully discloses his financial status – he must fully and

completely answer all of the amended IFP application's questions, including those about the value of his stocks, car, house, and other assets, the debts he owes, and the amounts he contributes to each individual he financially supports. If Plaintiff submits the amended IFP application, it should be labeled with docket number 20-CV-1308 (CM).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time.

The Court directs Plaintiff to, within thirty days, resubmit the signature page of the complaint with an original signature, and either pay the $400.00 in filing fees that are required to file a civil action in this Court or submit an amended IFP application

If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: February 24, 2020
       New York, New York

COLLEEN McMAHON
Chief United States District Judge