UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AHMED HUSAIN ZUBAIR,

                    Plaintiff,

          -against-

BANK OF AMERICA, et al.,

                    Defendants.

20-CV-1308 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

          Plaintiff, appearing *pro se* and having paid the filing fees, brings this action asserting claims under the Consumer Financial Protection Act of 2010, "Section 18 of Federal Trade Commission Act (15 U.S.C. 57a) regarding unfair or deceptive acts or practices," and the "Zombie House law in New York." (ECF No. 1, at 2.) For the following reasons, the Court dismisses the action.

## STANDARD OF REVIEW

          The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff, invoking the Court's federal-question and diversity jurisdiction, brings this action against three lenders – Bank of America, BSI Financial, and Fay Servicing Mortgage Company (Fay Servicing) – Mortgage Contracting Services (MCS), the City of Yonkers, and individual employees of the lenders. He seeks injunctive relief and damages from Defendants for allowing his house – a historic home built in the 1890s – to fall into a "dilapidated state." (ECF No. 2, at 12 ¶ 19.)

The following facts are taken from the complaint. On an unspecified date, Bank of America initiated foreclosure proceedings against Plaintiff for a house located in Yonkers, New York. While Plaintiff was out of the country – from October to December 2015 –  the City of Yonkers evicted tenants and squatters from Plaintiff's house at his request, and Bank of America installed locks on the house. Bank of America also allowed its agents to enter the house to conduct appraisals without Plaintiff's knowledge or consent. In early 2017, while the foreclosure was still pending, Bank of America sold the mortgage note on the house to BSI Financial, and sometime between February and March 2017, BSI Financial informed Plaintiff of force-placed insurance on the house. (ECF No. 2, at 7 ¶ 3.) A few months later, BSI Financial sold the mortgage note to Fay Servicing, and soon Fay Servicing also informed Plaintiff of force-placed insurance on the house. Throughout these transactions, Plaintiff was employed at the NASA Kennedy Space Center and resided in Florida.

While under the watch of Bank of America, BSI Financial, and Fay Servicing, Plaintiff's house was taken over by "squatters or other miscreants" and vandalized multiple times by criminals, who stole heating, plumbing, and electrical fixtures and other items of value. (*Id*. at 8 ¶¶ 6-7.) Although each of the lenders had force-placed insurance on the house while holding the mortgage note, they failed to properly secure and maintain the house. In particular, Fay Servicing

failed to adhere to the "Zombie House laws of NY," which required the lender to report the vacant property to the Department of Financial Services, conduct inspections, and secure and maintain the property.[1] (*Id*. at 9 ¶ 9.)

Fay Servicing had contracted MCS to maintain and winterize the house, but neither Fay Servicing nor MCS kept the house secure. On a visit to New York, sometime in December 2017 or January 2018, Plaintiff noticed that the house doors had been left opened by Fay Servicing's and MCS's agents. Attempting to safeguard the house, he immediately installed new locks and notified the Yonkers Police Department about the unsecured house and the resulting theft and vandalism, which included missing copper and plumbing fixtures. Plaintiff also noticed other damages, included  broken pipes and plumbing fixtures, and concluded that MCS was not performing the winterizing services for which it was billing Fay Servicing. He informed Fay Servicing of the issues, but it did nothing to secure the house from further vandalism, although it had force--placed insurance on the house to do so. Further, to prevent Plaintiff from spending his own money to secure and maintain the property, Fay Servicing threatened to auction the house without giving him an opportunity for a loan modification. Each time Plaintiff visited the house, he found it "breached and vandalized." (*Id*. at 8-9 ¶ 8.) Because of the neglect and security issues, the value of the house has lowered to about $200,000.00.

In addition, although Plaintiff is eligible for a partial loan waiver and reduction of interest, both Bank of America and Fay Servicing have "systematically rejected" his applications for loan modifications while holding the mortgage note. (*Id*. at 10 ¶ 11.) In July or August 2018,

---

[1] In 2016, New York enacted the Zombie Property Law, codified in Real Property Actions and Proceedings Law ("RPAPL") § 1308, which imposed on mortgagees and their servicing agents a duty to inspect, secure, and maintain vacant or abandoned residential properties. Mortgagees and servicing agents are subjected to substantial fines for violating the law's provisions.

Fay Servicing agreed to a short sale of the house but simultaneously scheduled an auction on August 20, 2018. Plaintiff managed to stop the auction by filing a Chapter 13 bankruptcy action, and shortly after, finding a short-sale buyer. To fast track the sale, Fay Servicing advised Plaintiff to dismiss the Chapter 13 case. Following that advice, Plaintiff allowed his bankruptcy case to lapse, and it was dismissed in February 2019, and thereafter the house was listed on Zillow. But as soon as the bankruptcy action was dismissed, Fay Servicing stopped communicating with Plaintiff and terminated his short-sale application, stating that the price did not meet the demand although the buyer had offered Fay Servicing's asking price. Fay Servicing had wasted a lot of time and resources and "exposed [Plaintiff] to [its] predatory traps by alluring [him] out of the Chapter 13 protections bestowed upon [him] by US laws of bankruptcy." (*Id*. at 10-11 ¶13.)

Finally, in May 2019, Fay Servicing refused to provide Plaintiff with a copy of the force-placed insurance policy to assist him in filing an insurance claim for damages to the house. Fay Servicing also refused to respond to his phone calls and written requests to repair the house, and failed to make a decision on his June 10, 2019 loan modification application. Instead, in 2020, Fay Servicing listed the house for auction, which Plaintiff temporarily stopped by filing another Chapter 13 bankruptcy case.

Plaintiff brings this action seeking compensation from Bank of America, BSI Financial and Fay Servicing for all damages and repair of the house and charges and fines for sanitation violation tickets issued by the City of Yonkers. He also seeks the following documents: copies of all force-placed insurance policies purchased by the lenders; full financial information on transactions involving the notes or mortgages on the house; a copy of the contract between Fay Servicing and MCS, and information on the billing and payments for services to the house; a

copy of a 2018 appraisal report from Fay Servicing; an itemized list of stolen property and vandalized items as documented by Fay Servicing in the 2018 appraisal; information concerning an unauthorized appraiser who criminally trespassed in 2018; Fay Servicing's loan modification rules; and a copy of Fay Servicing's last loan modification offer with itemized charges. Plaintiff also wants Fay Servicing to provide a reason for rejecting the short-sale offer and to reconsider his new loan modification application, and for the City of Yonkers to redirect all sanitation violation tickets issued since 2016, to Fay Servicing and collect payment for charges and fines from Fay Servicing under the New York Zombie Property Law.

**DISCUSSION**

**A.     Claims under the CFPA and FTCA**

Plaintiff asserts federal-question jurisdiction on the basis of claims arising under the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. § 5481 *et seq*., and the Federal Trade Commission Act (FTCA), 15 U.S.C. § 41 *et seq*. But his claims must be dismissed as there is no private right of action under either statute.

Plaintiff asserts claims under the CFPA but does not specify the conduct or the statutory provision at issue. But the CFPA, which lays out the duties, authorities, and enforcement powers of the Consumer Financial Protection Bureau (CFPB), does not provide a private right of action for its enforcement by a consumer through a lawsuit. *See Fraser v. Aames Funding Corp.*, No. 16-CV-0448, 2017 WL 564727, at *4-5 (E.D.N.Y. Jan. 24, 2017) (finding no statutory authority for private right of action under the CFPA); *Gingras v. Rosette*, No. 5:15-CV-0101, 2016 WL 2932163, at *22 (D. Vt. May 18, 2016) (same); *Nguyen v. Ridgewood Sav. Bank*, Nos. 14-CV-1058, 14-CV-3464, 14-CV-3989, 2015 WL 2354308, *11 (E.D.N.Y. May 15, 2015) (same). Rather, the CFPA provides that "[i]f any person violates a Federal consumer financial law, the [CFPB] may . . . commence a civil action against such person to impose a civil penalty or to seek

all appropriate legal and equitable relief including a permanent or temporary injunction as permitted by law." 15 U.S.C. § 5564(a). The CFPA also authorizes enforcement actions by state attorneys general and state regulators. *Id*. § 5552. Plaintiff does not have a private right of action to bring claims under the CFPA and must seeks enforcement of its provisions through the CFPB or by state attorney generals and regulators.

Nor does the FTCA provide a private cause of action, and Plaintiff's claims under that statute's provision, 15 U.S.C. § 57a, for unfair or deceptive acts or practices, must therefore also be dismissed. *See Naylor v. Case and McGrath, Inc.*, 585 F.2d 557, 561 (2d Cir. 1978); *Alfred Dunhill Ltd. v. Interstate Cigar Co., Inc.*, 499 F.2d 232, 237 (2d Cir. 1974); *Gingras*, 2016 WL 2932163, at *22-23. Like the CFPA, the FTCA creates the Federal Trade Commission (FTC) and delegates specific powers to the FTC to punish and prevent unfair practices, and to file civil actions for violations of its rules and orders. 15 U.S.C. §§ 57a and 57b. *See Alfred Dunhill Ltd.*, 499 F.2d at 237 ("[T]he provisions of the [FTCA] may be enforced only by the [FTC]. Nowhere does the Act bestow upon either competitors or consumers standing to enforce its provisions."). Any remedies Plaintiff may have under the FTCA is through the FTC.

**B.     Claims under State Law**

Plaintiff also brings state-law claims against Defendants, including claims under New York State Zombie Property. A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any claims

under state law Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

Plaintiff does invoke the Court's diversity jurisdiction for his state-law claims. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). ). An individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff fails to meet his burden of showing that the Court has diversity jurisdiction over his state-law claims. He alleges that he resides in the State of New York and indicates that Fay Servicing is incorporated in Illinois, with principal places of businesses in both New York and Illinois, and that all the employees of Bank of America he seeks to sue and the City of Yonkers are located in New York. Plaintiff does not provide where either Bank of America, BSI Financial, or MCS are incorporated or have their principal places of business. But based on the

information Plaintiff provides, he fails to demonstrate that he and all the defendants are citizens of different states and that complete diversity exists.

**C.      Denial of Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3). All other pending matters are terminated.

SO ORDERED.

Dated:      July 28, 2020
            New York, New York

                                        *Louis L. Stanton*
                                        Louis L. Stanton
                                        U.S.D.J.